# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JAY TODD HESSMAN,<br><br>　　　　Defendant. | No. CR02-3038-MWB<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS INDICTMENT** |

---

This matter is before the court on a Motion to Dismiss Indictment filed May 13, 2005, by the defendant Jay Todd Hessman. Hessman asks the court to dismiss the Indictment due to a violation of his right to a speedy trial. Doc. No. 57. The plaintiff (the "Government") resisted the motion on May 19, 2005. Doc. No. 60. Although Hessman has requested a hearing on the motion, the court finds a hearing is unnecessary and **denies** the request for hearing.

Hessman was indicted on October 24, 2002, on one count of conspiracy to manufacture methamphetamine. *See* Doc. No. 1. Hessman was arraigned on November 15, 2002, and trial was scheduled for January 6, 2003. Doc. No. 10. On December 9, 2002 (24 days after his arraignment), Hessman filed a motion to continue the trial, seeking additional time to complete discovery and prepare for trial. Doc. No. 12. The court granted the motion on December 10, 2003, continuing the trial to the trailing docket beginning February 3, 2003, and extending the deadline for the filing of pretrial motions to January 3, 2003. Doc. Nos. 13 & 14. In the order continuing the trial, the court found the reasons advanced by Hessman for the continuance served the ends of justice and outweighed the interests of the public and the defendant's right to a

speedy trial. The court therefore excluded, for purposes of speedy trial calculations, the time between the filing of the defendant's motion and the new trial date. *See* Doc. No. 13. Thus, up to February 3, 2003, a total of 24 days had elapsed for purposes of speedy trial calculations (*i.e.*, the time from Hessman's arraignment on November 15, 2002, to the date of his motion on December 9, 2002). *See* 18 U.S.C. § 3161(h)(8)(A).

On January 2, 2003, Hessman's court-appointed attorney withdrew from the case due to a conflict of interest. The court ordered the appointment of new counsel to represent Hessman. To provide new counsel with sufficient time to prepare for trial, the court continued the trial to the trailing docket beginning on March 3, 2003, and extended the deadline for the filing of pretrial motions to January 27, 2003. Doc. Nos. 15 & 16. In the order continuing the trial, the court made a finding that the time from the date of the order to the new trial date was excludable for purposes of speedy trial calculations, citing 18 U.S.C. § 3161(h)(1)(F). Doc. No. 16; *see also* 18 U.S.C. § 3161(h)(8)(8)(B)(iv) (in determining whether to continue trial, court "shall consider" whether failure to continue trial would deny defense counsel reasonable time to prepare effectively for trial).

A new attorney was appointed to represent Hessman on January 3, 2003. Doc. No. 17. On February 11, 2003, on the court's own motion, Hessman's trial was rescheduled for a date certain of March 24, 2003. Doc. Nos. 18 & 19. The time from the previously-scheduled trial date of March 3, 2003, to the continued trial date of March 24, 2003, would not have been excludable for speedy trial purposes.

However, on February 28, 2003, Hessman filed a motion to allow the late filing of a motion to suppress evidence. Doc. No. 20. The court granted the motion, and Hessman filed his motion to suppress and a supporting brief on March 3, 2003. Doc. Nos. 22 & 23. The court set the motion to suppress for hearing on March 18, 2003. To

allow sufficient time for a ruling on Hessman's motion, the trial was continued to a date certain of May 12, 2003. Doc. No. 21. The court found the time from the date of Hessman's motion to the date of trial was excludable for speedy trial purposes pursuant to 18 U.S.C. § 3161(h)(1)(F). *See id.*

The undersigned held a hearing on Hessman's motion to suppress on March 18, 2003. *See* Doc. No. 28. The hearing was continued for the presentation of additional evidence, and, after one continuance, the hearing resumed on April 11, 2003. *Id.*; Doc. Nos. 29 & 30. The hearing was concluded on that date, and the court took the motion under advisement. Doc. No. 31.

On April 14, 2003, the undersigned issued a Report and Recommendation on Hessman's motion to suppress, recommending that the motion be granted. Doc. No. 32. The Government filed objections on April 28, 2003, *see* Doc. No. 33, and on May 6, 2003, Hessman filed a response to the Government's objections. Doc. No. 36. On May 6, 2003, Chief Judge Mark W. Bennett issued an order granting Hessman's motion and ordering the suppression of all evidence flowing from the search of Hessman's residence. *See* Doc. No. 37. Trial was expected to proceed as scheduled on May 12, 2003.

On May 9, 2003, the Government sought a continuance of the trial for the purpose of filing an interlocutory appeal of the court's order granting Hessman's motion to suppress. Doc. No. 38. The court granted the motion, and continued the trial indefinitely. For purposes of speedy trial calculations, the court excluded the time from the date of the Government's motion to the date trial would be rescheduled following the interlocutory appeal, citing 18 U.S.C. § 3161(h)[1](E), which excludes a delay that

3

results from an interlocutory appeal.[1]  Doc. No. 39.  On August 16, 2004, the court received the Judgment from the Eighth Circuit Court of Appeals reversing Chief Judge Bennett's order granting Hessman's motion to suppress, and remanding the case.  Doc. No. 50; *see* Doc. No. 49.  On August 25, 2004, the court entered an order returning the case to the active trial docket, and scheduling trial for the trailing docket beginning October 4, 2004.  Doc. No. 51.  The time from the court's receipt of the judgment from the appellate court to the date of trial would not have been excludable for purposes of speedy trial calculations.  *See United States v. Long*, 900 F.2d 1270, 1276 (8th Cir. 1990) (speedy trial time excluded for interlocutory appeal ends on date mandate is received by clerk of district court).

However, on September 8, 2004, Hessman filed a motion to continue the trial to allow him to file a petition for writ of certiorari on the suppression issue.  Doc. No. 52.  Hessman's pretrial motion again stopped the speedy trial clock from running, with the result that, as of the time of his motion, a total of 47 days of unexcludable time had elapsed (24 days from 11/15/02 to 12/09/02, and 23 days from 08/16/04 to 09/08/04).  On September 9, 2004, the court granted Hessman's motion to continue, struck the trial date, and continued the trial indefinitely, excluding the time for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(E), from the date of Hessman's motion to continue (*i.e.*, September 9, 2004) to the date trial would be rescheduled following a decision by

---

[1] The court subsequently has determined the practice of excluding the time until the date a trial is rescheduled following an interlocutory appeal is in error.  *See United States v. Long*, 900 F.2d 1270, 1276 (8th Cir. 1990) (speedy trial time excluded for interlocutory appeal ends on date mandate is received by clerk of district court, at which time district court is able to proceed to trial).  Therefore, in considering Hessman's current motion, the court has excluded time only until the clerk's receipt of the judgment from the appellate court.

the U.S. Supreme Court on Hessman's petition for writ of certiorari. Doc. No. 53.[2] In its order continuing the trial, the court expressly ordered "[t]he parties" to notify the court when a ruling was issued on Hessman's petition for writ of certiorari. *Id.*

The U.S. Supreme Court issued an order denying Hessman's petition for writ of certiorari on January 10, 2005. *Hessman v. United States*, ___ U.S. ___, 125 S. Ct. 917 (2005). On March 11, 2005, Hessman's court-appointed attorney moved to withdraw from the case because his license to practice law had been suspended by the Iowa Supreme Court. Doc. No. 54. In reviewing counsel's motion to withdraw, the court discovered that Hessman's petition had been denied by the U.S. Supreme Court.[3] The court noted neither party had complied with the court's earlier order by informing the court that Hessman's petition had been denied. Upon inquiry, counsel for both parties stated they had not received notice and were not aware that the Supreme Court had denied Hessman's petition.[4]

The court granted counsel's motion to withdraw on March 14, 2005, and directed the Clerk of Court to appoint new counsel to represent Hessman. To provide newly-appointed counsel with adequate time to prepare for trial, the court scheduled the trial for

---

[2] Again, the court has determined exclusion of time to the date of any rescheduled trial was in error. In this case, however, the error was harmless, as shown by the anaylsis *infra*.

[3] In its resistance, the Government states "defendant's counsel notified the court of the Supreme Court's decision when he filed a motion to withdraw." Doc. No. 60 at 2. That statement is in error. Neither party notified the court of the Supreme Court's decision.

[4] The undersigned has been advised by the Supreme Court that upon denial of a petition for writ of certiorari, the parties are notified by letter sent through the U.S. Mail. On January 10, 2005, a letter regarding denial of Hessman's petition was placed in the mail by the Supreme Court addressed to Hessman's attorney, Dewey Sloan, and to the U.S. Solicitor General, who represents the Government before the Supreme Court. The Supreme Court also notified the Eighth Circuit Court of Appeals, to which any writ of certiorari would have been directed, but neither the Supreme Court nor the Eighth Circuit notified this court of the decision.

a date certain of May 16, 2005. For purposes of speedy trial calculations, the court excluded the time from the date of Hessman's motion to strike the previous trial date (*i.e.*, September 9, 2005) to the new trial date of May 16, 2005, pursuant to 18 U.S.C. § 3161(h)(1)(E) (allowing exclusion of time for "delay resulting from any interlocutory appeal"), and § 3161(h)(8)(B)(iv) (excluding time when failure to continue "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence"). Doc. No. 55.

In his present motion, Hessman claims the court erred in excluding the time from January 11, 2005 (the day following the U.S. Supreme Court's denial of Hessman's petition for writ of certiorari) to the May 16, 2005, trial date, "without complying with 18 U.S.C. § 3161(a)," which directs the court to schedule trial "after consultation with the counsel for the defendant and the attorney for the Government." 18 U.S.C. § 3161(a); Doc. No. 57, ¶ 6. He argues that setting trial to begin 125 days following denial of his petition for writ of certiorari violates his right to a speedy trial. He further claims it was the Government's duty, not his, to ensure he was brought to trial in a timely manner, and he therefore argues dismissal of the case is mandatory. Doc. No. 58 at 2 (citing *Barker v. Wingo*, 407 U.S. 514, 527, 92 S. Ct. 2182, 2190, 33 L. Ed. 2d 101 (1972); *United States v. Koory*, 20 F.3d 844, 846 (8th Cir. 1994)).

Hessman's argument that the court should have consulted with counsel pursuant to section 3161(a) before scheduling a trial date ignores the fact that, at the time of the order, Hessman *did not have* counsel. His counsel had just moved to withdraw. In ordering the Clerk of Court to appoint new counsel to represent Hessman, the court also found it was in Hessman's best interests to allow his new counsel sufficient time to prepare for trial, and scheduled a trial date accordingly. The court finds this argument lacks merit.

The court now will consider Hessman's argument that the trial date otherwise violated his right to a speedy trial. In *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), the Supreme Court formulated a balancing test for courts to use in determining whether a defendant's speedy trial rights have been violated, noting such a test can only be applied to specific cases on an *ad hoc* basis. *Barker*, 407 U.S. at 529-30, 92 S. Ct. at 2191-92. The Court held:

> We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his [speedy trial] right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. [Footnote omitted.]

*Id.*, 407 U.S. at 530, 92 S. Ct. at 2192. The Court noted there is no "talismanic qualit[y]" to these factors, and none of them is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather they are related factors and must be considered together with such other circumstances as may be relevant." *Id.*, 407 U.S. at 533, 92 S. Ct. at 2193. Thus, the Court recognized that "courts must still engage in a difficult and sensitive balancing process" which, because it deals "with a fundamental right of the accused, . . . must be carried out with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." *Id.*

The Court elaborated on the four factors identified above, and the relative weight each of them might bear in the balancing process, as follows:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent

7

upon the peculiar circumstances of the case. [Footnote omitted.] To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.

Closely related to length of delay is the reason the government assigns to justify the delay. Here, too, different weights should be assigned to different reasons. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or over-crowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant. Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay.

. . . . Whether and how a defendant asserts his right is closely related to the other factors we have mentioned. The strength of his efforts will be affected by the length of the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain. The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.

A fourth factor is prejudice to the defendant. Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of

> the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.

*Barker*, 407 U.S. at 530-32, 92 S. Ct. at 2192-93.

The *Barker* test applies to determinations of "the extent to which appellate time consumed in the review of pretrial motions should weigh towards a defendant's speedy trial claim." *United States v. Loud Hawk*, 474 U.S. 302, 314, 106 S. Ct. 648, 655, 88 L. Ed. 2d 640 (1986).

The first consideration, then, is the "double enquiry" into whether the delay before Hessman's trial has been uncommonly long. *See Doggett v. United States*, 505 U.S. 647, 651, 112 S. Ct. 2686, 2690, 120 L. Ed. 2d 520 (1992). The Supreme Court has noted that "[s]imply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay . . . since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." *Doggett*, 505 U.S. at 651-52, 112 S. Ct. at 2690-91.

The case law has defined what constitutes a "presumptively prejudicial" delay in bringing a defendant to trial following indictment. The *Doggett* Court observed that "[d]epending on the nature of the charges, the lower courts have generally found post-accusation delay 'presumptively prejudicial' at least as it approaches one year." *Id.*, 505 U.S. at 652 n.1, 112 S. Ct. at 2691 n.1. The Court further cautioned that "as the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Id.*

In the present case, Hessman was indicted on October 24, 2002, some two and one-half years prior to his currently-scheduled trial date. However, from the date of Hessman's arraignment on November 15, 2002, to January 11, 2005, only 47 days of unexcluded time had elapsed. All the rest of the time was properly excluded for purposes of speedy trial calculations. This left another 23 days of available time following the Supreme Court's denial of his petition for certiorari to bring him to trial within the parameters of the Speedy Trial Act.[5] Therefore, the court does not find the period of elapsed time since Hessman's indictment to be presumptively prejudicial.

For purposes of Hessman's motion, the question here is whether the remaining 23-day time period should have begun to run on January 11, 2005, the day following the Supreme Court's denial of Hessman's petition, or on the date the court first learned his petition had been denied; *i.e.*, March 11, 2005, when Hessman's attorney filed the motion to withdraw. Hessman argues the clock started on January 11, 2005, because it was solely the Government's responsibility to learn of the denial of his petition and to reschedule his case for trial. The court cannot easily arrive at the same conclusion.

The court ordered *both* parties to advise the court when the Supreme Court ruled on Hessman's petition. Doc. No. 53. Thus, Hessman had a court-ordered duty, equal to the Government's duty, to advise the court when the Supreme Court had ruled. The

---

[5]The Government suggests the applicable period of time to bring Hessman to trial following his interlocutory appeal would be the 180-day period specified in 18 U.S.C. § 3161(d)(2) and (e), rather than the 70-day period specified in section 3161(c)(1). The Government is mistaken. The 180-day period specified in subsection 3161(d)(2) applies only when an indictment or information is "dismissed by a trial court and reinstated following an appeal," a circumstance that did not occur in this case. The 180-day period specified in subsection 3161(e) applies only to a defendant who is "tried again," not to one who has never been tried. *See, e.g., United States v. Villamonte-Marquez*, 462 U.S. 579, 597 n.4, 103 S. Ct. 2573, 2584 n.4, 77 L. Ed. 2d 22 (1983); *United States v. Pitner*, 307 F.3d 1178, 1184 (9th Cir. 2002) (Subsection (e) "is designed for situations when an appeal or collateral attack has caused a retrial. It is not suited for application to interlocutory appeals.").

record indicates neither the Government nor Hessman learned of the Supreme Court's denial of Hessman's petition for writ of certiorari until they were so advised by this court. *See* Doc. No. 58 at 2 ("Apparently, the parties failed to discover the Supreme Court's denial of certiorari."). The court finds both parties were equally responsible for the delay between January 11, 2005, and the date the court discovered the Supreme Court had ruled on Hessman's petition. In addition, there is no showing of bad faith or dilatory purpose on the Government's part that resulted in the delay in rescheduling Hessman's case for trial.

Further, the court finds the delay in returning Hessman's case to the trial docket directly "resulted from" Hessman's interlocutory appeal to the U.S. Supreme Court, and therefore the time would be excludable pursuant to 18 U.S.C. § 3161(h)(1)(E). As the Supreme Court noted in *Loud Hawk*:

> In that limited class of cases where a pretrial appeal by the defendant is appropriate . . . delays from such an appeal ordinarily will not weigh in favor of a defendant's speedy trial claims. . . . A defendant who resorts to an interlocutory appeal normally should not be able upon return to the district court to reap the reward of dismissal for failure to receive a speedy trial.

*Loud Hawk*, 474 U.S. at 316, 106 S. Ct. at 656-57. Although the *Loud Hawk* Court was discussing delay that occurred during the appellate process itself, the reasoning is no less applicable here. The trial of Hessman's case was continued indefinitely at Hessman's request so he could file a petition for writ of certiorari with the U.S. Supreme Court. The fact that Hessman failed to determine his petition had been ruled upon, and to assert his right to a speedy trial promptly thereafter, should not be grounds for a claim that his right to a speedy trial has been violated.

This conclusion is consistent with the Supreme Court's reasoning in *Barker*, where the Court noted the following:

> [A] defendant has some responsibility to assert a speedy trial claim. . . . [T]he right to a speedy trial is unique in its uncertainty as to when and under what circumstances it must be asserted or may de deemed waived. But the rule we announce today, which comports with constitutional principles, places the primary burden on the courts and the prosecutors to assure that cases are brought to trial. We hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine, the demand rule aside. . . . The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed.

*Barker*, 407 U.S. at 529-30, 92 S. Ct. at 2191-92. *Cf. United States v. Lyon*, 588 F.2d 581, 582 (8th Cir. 1978) (speedy trial argument unavailing where defendant's own actions delayed retrial).

On the facts of this case, Hessman, in effect, acquiesced in the delay by failing to assert the speedy trial right timely. "Whether and how a defendant asserts his right is closely related to the other factors [the *Barker* Court] mentioned. . . . The more serious the deprivation, the more likely a defendant is to complain. . . . We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Barker*, 407 U.S. at 531-32, 92 S. Ct. at 2192-93.

Hessman took no action between January 11, 2005, and May 13, 2005, that could be construed as the assertion of his speedy trial right or an indication that he wished to proceed to trial. It appears he became interested in asserting the right only "when it became an avenue to dismiss the indictment or obtain release." *United States v. Trueber*, 238 F.3d 79, 90(1st Cir. 2001).

For these reasons, the court finds Hessman's right to a speedy trial under the Sixth Amendment and the Speedy Trial Act has not been violated, and his motion to dismiss the indictment should, therefore, be denied.

## *CONCLUSION*

For the reasons discussed above, **IT IS RESPECTFULLY RECOMMENDED,** unless any party files objections to this Report and Recommendation as specified below, that Hessman's motion (Doc. No. 57) to dismiss the Indictment be **denied**.

Any party who objects to this Report and Recommendation must serve and file specific, written objections by **May 27, 2005**. Any responses to an opposing party's objections must be filed by **June 2, 2005**.

**IT IS SO ORDERED.**

**DATED** this 20th day of May, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT