**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAY TODD HESSMAN,<br><br>Defendant. | No. CR02-3038-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION TO DISMISS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On October 24, 2002, a single count indictment was returned against defendant Jay Todd Hessman charging him with conspiracy to manufacture or distribute 5 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846. On May 13, 2005, defendant Hessman filed a motion to dismiss indictment. In his motion, defendant Hessman seeks dismissal of the indictment due to a violation of his right to a speedy trial. Defendant Hessman's motion to dismiss indictment was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On May 20, 2005, Judge Zoss filed a Report and Recommendation in which he recommends that defendant Hessman's motion to dismiss indictment be denied. Defendant Hessman filed objections to Judge Zoss's Report and Recommendation on May 27, 2005. Defendant Hessman objects to Judge Zoss's conclusion that the time from January 11, 2005, the day following the United States Supreme Court's denial of Hessman's petition for a writ of certiorari, to March 11, 2005, the date the court first learned that Hessman's petition for a writ of certiorari had been denied, was excludable because defendant Hessman was responsible, equally with the government, for any delay between January 11, 2005, and the date the

court learned that the Supreme Court had denied defendant Hessman's petition for a writ of certiorari. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Hessman's motion to dismiss indictment.

## II. LEGAL ANALYSIS

### A. Standard Of Review

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.)

2

(citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). As noted above, defendant Hessman has filed an objection to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Hessman's motion to dismiss indictment.

### B. Objection To Conclusions Of Law

Defendant Hessman objects to Judge Zoss's conclusion that the time from January 11, 2005, the day following the United States Supreme Court's denial of Hessman's petition for a writ of certiorari, to March 11, 2005, the date the court first learned that Hessman's petition for a writ of certiorari had been denied, was excludable. Defendant Hessman argues that the speedy trial clock resumed running on January 11, 2005, because it was the government's sole responsibility to learn of the denial of Hessman's petition for a writ of certiorari and to reschedule his case for trial. Generally, the Supreme Court has held that the government and the court have an affirmative constitutional obligation to try the defendant in a timely manner and that this duty requires a good faith, diligent effort to bring him to trial quickly. *See Moore v. Arizona*, 414 U.S. 25, 26 (1973) (stating that courts should inquire whether the state "discharge[d] its 'constitutional duty to make a diligent, good-faith effort to bring [the defendant to trial]'") (quoting *Smith v. Hooey*, 393 U.S. 374, 384 (1969))); *Dickey v. Florida*, 398 U.S. 30, 38 (1970) ("[T]he right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authority is to provide a prompt trial."). Here, however, the court ordered "[t]he parties" to notify the court when a ruling was issued on Hessman's petition for writ of certiorari. It is well-established that parties have a duty to promptly abide by court orders issued by a

3

court of proper jurisdiction. *See, e.g., Maness v. Meyers*, 419 U.S. 449, 459 (1975) ("The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.'") (quoting *United States v. United Mine Workers*, 330 U.S. 258, 293 (1947)). Thus, the court concludes that Hessman had a court ordered duty to advise the court of when the Supreme Court had ruled on his petition for certiorari. Neither party complied with the court's order and both parties failed to inform the court when defendant Hessman's petition for certiorari had been ruled upon. The court concurs in Judge Zoss's finding that, here, the parties were both equally responsible for the delay from January 11, 2005 to the March 11, 2005, the date when the court first learned of the denial of defendant Hessman's petition for certiorari by mere happenstance. Therefore, defendant Hessman's objection to Judge Zoss's Report and Recommendation is overruled and the court concludes that the delay from January 11, 2005 to the March 11, 2005, is excludable under 18 U.S.C. § 3161(h)(1)(E).

### III.  CONCLUSION

The court, upon a *de novo* review of the record, accepts Judge Zoss's Report and Recommendation and **denies** defendant Hessman's motion to dismiss indictment.

**IT IS SO ORDERED.**

**DATED** this 16th day of June, 2005.

MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA